IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KADEN COVINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 25-399-CFC |
| | ) | |
| KENNETH L.P. HAYNES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

AT WILMINGTON, this 10 day of November 2025, having reviewed and considered Defendants' motion to dismiss the complaint for failure to state a claim and insufficiency of service of process (D.I. 8) and *pro se* Plaintiff's motion for damages (D.I. 20),

WHEREAS Defendants asserts that all claims should be dismissed because of Delaware's sovereign immunity under the Eleventh Amendment (*see* D.I. 8 at 5-6), but sovereign immunity does not bar a civil rights suit that seeks prospective injunctive relief against state officials in their official capacities, *see Merritts v. Richards*, 62 F.4th 764, 771-73 (3d Cir. 2023), or claims for damages against state officials in their individual capacities, *Melo v. Hafer*, 912 F.2d 628, 637 (3d Cir. 1990), aff'd, 502 U.S. 21 (1991),

WHEREAS Defendants also assert that all claims should be dismissed because the Fifth and Fourteenth Amendment procedural due process clauses does not apply to excessive use of force claims against state officials (*see* D.I. 8 at 8-9), but a complaint need not contain a perfect "statement of the legal theory supporting the claim asserted," *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014), *pro se* pleadings are held to a less stringent standard than formal pleadings by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and *pro se* Plaintiff's complaint (D.I. 1) contains sufficient facts to a state a Fourth Amendment excessive use of force claim for this stage of the case, *see generally, Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007),

WHEREAS Defendants also assert that claims asserted against Defendants Charles Fidler and Mark S. Justice should be dismissed because the complaint does not allege their personal involvement in any violation of Plaintiff's civil rights (*see* D.I. 8 at 7), review of the complaint confirms this assessment (*see* D.I. 1), and a "defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable," *see Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as amended* (May 29, 2003), and

WHEREAS Defendants finally assert that Plaintiff has not effected service as required by the Federal Rules of Civil Procedure and the Delaware Code

2

(*see* D.I. 8 at 9), Plaintiff does not contest this assertion (*see* D.I. 19), and Federal Rule of Civil Procedure 4(m) requires this Court to dismiss a civil action without prejudice, or order that service be made within a specified time, when service is not timely effected,

It is HEREBY ORDERED that:

1. Defendants' motion to dismiss (D.I. 8) is **GRANTED** in part and **DENIED** in part;

2. Defendants Charles Fidler and Mark S. Justice, and all claims asserted against them, are **DISMISSED** from this case based on a lack of alleged personal involvement;

3. As to Defendants Kenneth L.P. Haynes, Brooke N. Watkinson, and Thomas M. Vincent, all Fifth and Fourteenth Amendment claims are **DISMISSED** without prejudice to Fourth Amendment and related state claims;

4. All claims for money damages asserted against Defendants Kenneth L.P. Haynes, Brooke N. Watkinson, and Thomas M. Vincent in their official capacities are **DISMISSED** without prejudice to claims for prospective injunctive relief and any individual capacity claims;

5 *Pro se* Plaintiff Kaden Covington is **GRANTED** leave to effect service of process of the complaint (D.I. 1) on Defendants Kenneth L.P. Haynes, Brooke N.

Watkinson, and Thomas M. Vincent, in accordance with the Federal Rules of Civil Procedure and the Delaware Code, **on or before December 11, 2025**; and

6. *Pro se* Plaintiff Kaden Covington's motion for damages (D.I. 20) is **DENIED** as premature.

_____
Chief Judge